FILED

OCT 19 2026

JOAN KANE, CLERK
U.S. DIST. COURT, WESTERN DIST. OKLA.
BY ________, DEPUTY

**IN THE UNITED STATES DISTRICT COURT**
**FOR THE WESTERN DISTRICT OF OKLAHOMA**

| | | |
|---|---|---|
| **ANGEL GARCIA,** | ) | Case No. CIV-26-2990-SLP |
| Plaintiff, | ) | |
| v. | ) | |
| **JPMORGAN CHASE BANK, N.A.,** | ) | |
| Defendant. | ) | |

**COMPLAINT AND JURY DEMAND**

Plaintiff Angel Garcia, proceeding pro se, alleges against Defendant JPMorgan Chase Bank, N.A. as follows:

**I. Introduction**

1. This is a civil action arising from Defendant's alleged withholding of Plaintiff's funds, closure of Plaintiff's bank account without adequate written disclosure, and continued refusal to release or return Plaintiff's money for approximately four years.

2. Defendant attributed its conduct to an alleged concern about fraud. Plaintiff denies engaging in fraud and alleges that Defendant has not provided a sufficient written explanation, accounting, or lawful basis for retaining Plaintiff's funds.

3. Plaintiff seeks compensatory and consequential damages, damages for loss of use of money, prejudgment and post-judgment interest, and other relief allowed by law.

**II. Parties**

4. Plaintiff Angel Garcia is an individual and resident of Oklahoma. Plaintiff's address is 517 S. Aurora Avenue, Geary, Oklahoma 73040.

5. Defendant JPMorgan Chase Bank, N.A. is a national banking association that may be served through its registered agent or another legally authorized agent. For purposes of federal diversity jurisdiction, Plaintiff alleges, upon information and belief, that Defendant is a citizen of a State other than Oklahoma. Plaintiff will amend this allegation

if discovery or Defendant's jurisdictional disclosures establish otherwise.

6. The bank account at issue is identified in this Complaint only by its last four digits, 6820. Plaintiff will not publicly disclose the complete account number; it may be provided under seal or in another properly protected filing if required.

**III. Jurisdiction and Venue**

7. This Court has subject-matter jurisdiction under the diversity statute because this action is between citizens of different States and, based in good faith on the damages described in this Complaint, the amount in controversy is $85,000, exclusive of interest and costs. This amount exceeds the statutory threshold. 28 U.S.C. § 1332(a).

> "The district courts shall have original jurisdiction of all civil actions where the matter in controversy exceeds the sum or value of $75,000, exclusive of interest and costs, and is between . . . citizens of different States." 28 U.S.C. § 1332(a).

8. Plaintiff alleges in good faith, based on the damages described in this Complaint and subject to proof, that the amount in controversy is $85,000, exclusive of interest and costs. Plaintiff seeks, among other relief:

a. the return of or damages for funds withheld by Defendant;

b. damages for breach of contract;

c. damages for conversion;

d. damages for negligence;

e. damages for emotional distress, to the extent recoverable;

f. loss-of-use damages and interest on $3,280.48;

g. consequential financial damages; and

h. applicable prejudgment and post-judgment interest.

9. Plaintiff does not presently know Defendant's complete citizenship for diversity purposes and requests that Defendant disclose its citizenship in response to this Complaint. Plaintiff alleges that Defendant is not an Oklahoma citizen. A national bank's citizenship may depend on the location designated in its articles of association as its main office.

*Wachovia Bank, National Ass'n v. Schmidt*, 546 U.S. 303, 306–07 (2006).

10. Plaintiff opened the account in Phoenix, Arizona, in May 2021. That fact alone does not establish venue in this District. Plaintiff does not allege that his Oklahoma residence or financial effects in Oklahoma, standing alone, establish venue. Whether venue is proper in this District depends on whether specific events or omissions giving rise to Plaintiff's claims occurred here. Plaintiff reserves the right to amend this paragraph after confirming the account's branch location, the place where the account agreement was formed, and the location of Defendant's relevant conduct.

11. Plaintiff states the grounds for jurisdiction and the claims for relief in this Complaint as required by Fed. R. Civ. P. 8(a).

**IV. Factual Allegations**

12. Plaintiff repeats and incorporates paragraphs 1 through 11.

13. Plaintiff maintained a deposit account with Defendant. Plaintiff opened the account in Phoenix, Arizona, in May 2021. The account is identified in this Complaint by its last four digits, 6820.

14. Plaintiff deposited and maintained funds in the account. Before closing the account, Defendant restricted, froze, or otherwise prevented Plaintiff from accessing the account and its funds. When Defendant closed the account, Defendant held or controlled funds belonging to Plaintiff in the approximate amount of $3,280.48, subject to confirmation through Defendant's records.

15. Defendant closed Plaintiff's account on November 3, 2022.

16. Defendant represented to Plaintiff that the closure was related to fraud, suspected fraud, or a fraud investigation. Plaintiff denies committing fraud or authorizing any improper transaction. Plaintiff has not received a sufficient written explanation identifying:

a. the specific transaction allegedly involving fraud;

b. the date and amount of that transaction;

c. the person allegedly responsible;

d. the contractual provision or legal authority supporting Defendant's continued retention of Plaintiff's money;

e. the length of the alleged investigation; or

f. the conditions, if any, under which Plaintiff's funds would be released.

17. Plaintiff repeatedly requested information about the account and the return of his funds.

18. Defendant failed or refused to provide Plaintiff with an adequate accounting or to return his funds.

19. Defendant has retained, withheld, or exercised control over Plaintiff's funds for approximately four years.

20. Defendant's conduct deprived Plaintiff of the use of his money, including the approximate principal amount of $3,280.48.

21. Plaintiff alleges that Defendant's retention of the funds was unauthorized, unreasonable, and inconsistent with its duties under the account agreement and applicable law.

22. Plaintiff has suffered financial harm, including loss of access to and use of his funds, lost interest, additional financial consequences, and other damages to be established through evidence.

23. Plaintiff also alleges that Defendant's conduct caused substantial worry, frustration, anxiety, and emotional distress. Plaintiff will provide additional facts concerning the nature and severity of that distress through discovery and evidence.

## V. Count One: Breach of Contract

24. Plaintiff repeats and incorporates paragraphs 1 through 23.

25. Plaintiff and Defendant entered into one or more agreements governing Plaintiff's deposit account, including the account-opening documents, deposit agreement, applicable account terms, and related policies.

26. Plaintiff performed his obligations under the agreement or was excused from further

performance.

27. Defendant breached the agreement by, among other things:

a. closing Plaintiff's account without providing the notice, explanation, or process required by the agreement;

b. retaining Plaintiff's funds for approximately four years without a sufficient contractual or legal basis;

c. failing to provide an accounting;

d. failing to return Plaintiff's funds; and

e. failing to act consistently with the duties Defendant assumed under the account agreement.

28. Defendant's breach caused Plaintiff actual and consequential damages, including the withheld funds, loss of use, interest, and other financial losses.

29. Plaintiff seeks damages in an amount to be proven at trial, together with applicable interest and other relief allowed by law.

## VI. Count Two: Conversion

30. Plaintiff repeats and incorporates paragraphs 1 through 23.

31. Plaintiff owned or had the immediate right to possess the funds deposited in the account.

32. Defendant exercised dominion and control over Plaintiff's funds by withholding them and refusing to return them.

33. Defendant's dominion and control were wrongful because Defendant retained the funds after Plaintiff demanded an explanation and return of the money and because Defendant has not identified a sufficient lawful basis for retaining the funds for approximately four years.

34. Defendant's conduct substantially interfered with Plaintiff's ownership and possessory rights.

35. Plaintiff suffered damages in an amount to be proven at trial, including the amount of funds withheld, loss of use, interest, and consequential damages.

**VII. Count Three: Negligence**

36. Plaintiff repeats and incorporates paragraphs 1 through 23.

37. Defendant owed Plaintiff duties arising from its handling of Plaintiff's account and funds, including duties to exercise reasonable care in investigating and administering the account, to follow applicable account procedures, and to avoid unnecessarily or indefinitely withholding Plaintiff's funds.

38. Defendant breached those duties by, among other things:

a. failing to conduct a reasonable and timely investigation;

b. failing to provide accurate and adequate information concerning the alleged fraud;

c. failing to safeguard and administer Plaintiff's funds in accordance with applicable procedures;

d. failing to provide a reasonable process for Plaintiff to contest the closure; and

e. retaining Plaintiff's funds for approximately four years without adequate justification.

39. Defendant's breach caused Plaintiff financial loss, loss of use of money, interest loss, consequential damages, and emotional distress to the extent recoverable under Oklahoma law.

40. Plaintiff seeks damages in an amount to be proven at trial.

**VIII. Count Four: Wrongful Retention of Funds and Unjust Enrichment**

41. Plaintiff repeats and incorporates paragraphs 1 through 23.

42. Defendant received, retained, or benefited from Plaintiff's money.

43. Defendant's retention of Plaintiff's funds for approximately four years, without providing an adequate accounting or returning the funds, was unjust and inequitable.

44. Defendant has been unjustly enriched by retaining or using money to which Plaintiff is entitled.

45. Plaintiff seeks restitution, disgorgement, return of the funds, and any other relief available under applicable law. Plaintiff pleads this claim in the alternative to the contract claim as permitted by Fed. R. Civ. P. 8(d).

**IX. Count Five: Emotional Distress Damages**

46. Plaintiff repeats and incorporates paragraphs 1 through 23.

47. Defendant's alleged conduct was unreasonable and caused Plaintiff significant emotional distress, anxiety, worry, frustration, and disruption.

48. To the extent Oklahoma law permits recovery of damages for emotional distress on the causes of action stated above, Plaintiff seeks such damages in an amount to be proven at trial.

49. Plaintiff will amend or supplement this claim if discovery establishes facts supporting an independent tort claim for intentional or negligent infliction of emotional distress.

**X. Damages**

50. Plaintiff seeks total damages of $85,000, subject to proof and applicable legal limitations, including:

| **Category** | **Amount or basis** |
|---|---|
| Funds withheld | Approximately $3,280.48 |
| Loss of use of funds | To be proven |
| Interest on $3,280.48 | Plaintiff alleges 29 percent, subject to applicable law and proof |
| Breach-of-contract damages | To be proven |
| Conversion damages | To be proven |
| Negligence damages | To be proven |
| Consequential financial damages | To be proven |
| Emotional distress damages | To the extent legally recoverable |
| Prejudgment and post-judgment interest | As allowed by law |
| Total damages sought | $85,000, subject to proof and applicable legal limitations |

| | |
|---|---|
| Amount in controversy | $85,000, alleged in good faith and based on the facts alleged |

51. Plaintiff recognizes that the enforceability of a 29 percent interest rate depends on the account agreement, the nature of the claim, applicable Oklahoma law, and any statutory limitations. Plaintiff requests that rate only to the extent authorized by contract or law.

**XI. Request for Relief**

WHEREFORE, Plaintiff Angel Garcia respectfully requests that the Court:

A. Enter judgment in Plaintiff's favor and against Defendant;

B. Order Defendant to return Plaintiff's funds, including the approximate amount of $3,280.48, or award Plaintiff the value of those funds;

C. Award Plaintiff $85,000 in damages, or such amount as proven at trial;

D. Award damages for breach of contract, conversion, negligence, loss of use, interest, and consequential financial damages;

E. Award emotional-distress damages to the extent recoverable;

F. Award prejudgment interest, including interest on $3,280.48 at 29 percent if authorized by the account agreement or applicable law;

G. Award post-judgment interest as allowed by law;

H. Order Defendant to provide a complete accounting of all transactions, holds, fees, credits, debits, and disposition of Plaintiff's funds;

I. Award costs and any other relief allowed by law; and

J. Grant a trial by jury on all issues so triable.

**XII. Jury Demand**

Plaintiff demands a trial by jury on all issues so triable.

Respectfully submitted,

Dated: 10 - 19 - , 2026

**Angel Garcia**

517 S. Aurora Avenue

Geary, Oklahoma 73040

Telephone: 602-487-4439

Email: Garcia911@gmx.com

Plaintiff, pro se